UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 880—RETAIL FOOD EMPLOYERS JOINT PENSION FUND, and UNITED FOOD AND COMMERCIAL WORKERS UNION – EMPLOYER PENSION FUND,<br><br>Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ,<br><br>     Defendants. | Case No. 07CV00102 (RBW)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

[Caption continued on following page]


**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF THE CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION EMPLOYEES' RETIREMENT TRUST AND THE OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTION**

| | |
|---|---|
| FIRST NEW YORK SECURITIES LLC,<br><br>Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>         v.<br><br>SUNRISE SENIOR LIVING, INC., PAUL J. KLAASSEN, THOMAS B. NEWELL, BRADLEY R. RUSH, RONALD V. APRAHAMIAN, J. DOUGLAS HOLLADAY, THOMAS J. DONAHUE, WILLIAM G. LITTLE, TERESA M. KLAASSEN, CRAIG R. CALLEN, and J. BARRON ANSCHUTZ,<br><br><br>                Defendants. | Case No. 07CV00294 (RBW)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 3

    A. The Public Retirement Systems Have The Largest Financial Interest .................. 3

    B. The Public Retirement Systems Are Sophisticated
        Institutional Investors That Satisfy the Requirements of Rule 23 ......................... 7

III. CONCLUSION ................................................................................................................. 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

**Page**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................3, 7

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) .................................................................................3

*In re Fannie Mae Sec. Litig.*,
    355 F. Supp.2d 261 (D.D.C. 2005) .........................................................................3, 7

*Glauser v. EVCI Career Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ................................................................................8

*Montoya v. Mamma.com Inc.*,
    No. 05 Civ. 2313(HB), 2005 WL 1278097 (S.D.N.Y. May 31, 2005)........................3

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................7

*In re XM Satellite Radio Holdings Sec. Litig.*,
    237 F.R.D. 13 (D.D.C. 2006).......................................................................................3

### FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...............................................................................................1, 3, 7

Fed. R. Civ. P. 23.....................................................................................................................1, 3, 8

I.    INTRODUCTION

The City of Miami General Employees' & Sanitation Employees' Retirement Trust (the "Miami Retirement Trust") and the Oklahoma Firefighters Pension and Retirement System (the "Oklahoma Firefighters" and, collectively with the Miami Retirement Trust, the "Public Retirement Systems") are the "most adequate plaintiffs" to lead this action and should be appointed Lead Plaintiffs under the standards set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" with the "largest financial interest in the relief sought by the class" which has also made a *prima facie* showing that it "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*

The Public Retirement Systems have, *by a substantial margin*, the "largest financial interest" in the relief sought by the Class in this litigation and have made a *prima facie* showing that they are adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The only other movant, a group comprised of the United Food and Commercial Workers Union Local 880 – Retail Food Employers Joint Pension Fund ("United Food Local 880") and United Food and Commercial Workers Union – Employer Pension Fund's Motion Appointment ("United Food Pension" and, collectively with United Food Local 880, the "United Food Funds") has *one-half* of the financial interest of the Public Retirement Systems under each of the metrics employed by courts to evaluate an investor's financial interest. The Public Retirement Systems sustained losses of approximately $171,246 on their purchases of Sunrise Senior Living, Inc. ("Sunrise" or the "Company") securities compared to the United Food Funds' claimed loss of $77,588. During the Relevant Period

(August 4, 2005 through June 15, 2006), the Public Retirement Systems also expended over *two times* the amount of funds on Sunrise common shares and purchased *twice* as many shares as did the United Food Funds.

The disparity of the financial interest between these two movant groups is further demonstrated by the fact that each of the Public Retirement Systems, individually, has a greater loss than the *combined* United Food Funds. The Miami Retirement Trust suffered total losses of $79,680, and the Oklahoma Firefighters suffered total losses of $91,566 compared to the United Food Funds' aggregate loss of $77,588.

Further, the Public Retirement Systems are precisely the type of investors that Congress intended to serve as lead plaintiff under the PSLRA. As demonstrated in their declarations submitted with their motion, the Miami Retirement Trust and Oklahoma Firefighters are both large, sophisticated institutional investors with ample resources and experience to adequately supervise class counsel. *See* Declaration of Robert Jones ("Jones Decl.") and Declaration of Sandra Elenberg ("Elenberg Decl."), attached to the Declaration of Gerald H. Silk (filed on 3/19/07 at Dkt. No. 20) (the "Silk Decl."), at Exs. C and D. Both funds purchased Sunrise common shares at inflated prices during the Relevant Period and were damaged thereby. *Id.* Further, the Miami Retirement Trust and Oklahoma Firefighters have both stated under penalty of perjury that they are familiar with the responsibilities of a lead plaintiff under the PSLRA and have agreed to work together to protect the interests of class members in this Action. *Id.* In fact, the Miami Retirement Trust and Oklahoma Firefighters have also represented to this Court that they will ensure that any fees paid to class counsel are reasonable and are below that which is ordinarily awarded in litigation of this type. *Id.*

2

## II.    ARGUMENT

The PSLRA establishes a "clear and unambiguous procedure for determining who should serve as lead plaintiff in a securities class action." *In re Fannie Mae Sec. Litig.*, 355 F. Supp.2d 261, 262 (D.D.C. 2005). The Court must first determine which movant has the largest financial interest. *Id.* at 263. If the movant with the largest financial interest makes a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23, the court "*must* deem [that movant] the presumptive lead plaintiff." *Id.* (*citing In re Cendant Corp. Litig.*, 264 F.3d 201, 263-264 (3d Cir. 2001)) (emphasis added). Such presumption can only be rebutted by "proof" that such movant "will not fairly or adequately represent the class or that [movant] is subject to unique defenses. *Id.* (*citing* 15 U.S.C. sec. 78u-4(a)(3)(B)(iii)(II)). Here, the Public Retirement Systems are the presumptive Lead Plaintiffs, and there is nothing to rebut this presumption.

### A.    The Public Retirement Systems Have the Largest Financial Interest

Although the PSLRA does not define the term "largest financial interest," a broad body of case law establishes the key factors guiding the Court's analysis: (1) the number of shares of the subject securities purchased; (2) the net funds expended by the movant to acquire those securities; and (3) the approximate losses suffered by the movant. *See, e.g., In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 17 (D.D.C. 2006) (*citing In re Cendant Corp. Litig.*, 264 F.3d at 262). In addition to these three factors, some courts also consider the net number of securities purchased (offsetting the total number purchased by the total number sold). *See*, *e.g.*, *Montoya v. Mamma.com Inc.,* No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004).

As the below chart demonstrates, the financial interest of the Public Retirement Systems substantially exceeds that of the United Food Funds by all measures.

|  | **Net Funds Expended** | **Total Funds Expended** | **Total Shares Purchased** | **Net Shares Purchased** | **Approximate Loss** |
|---|---|---|---|---|---|
| Public Retirement Systems | $1,235,157 | $1,565,676 | 47,731 | 38,024 | $171,246 |
| United Food Funds | $527,173 | $527,173 | 16,100 | 16,100 | $77,588 |

**Total Shares Purchased:** *The Public Retirement Systems purchased over 2.3 times more total shares than the United Food Funds.* The Public Retirement Systems purchased a total of 47,731 Sunrise shares during the Relevant Period. Specifically, the Miami Retirement Trust purchased 9,585 shares, and the Oklahoma Firefighters purchased 38,146 total shares. *See* Miami Retirement Trust Certification ("Miami Cert.") and Jones Decl., Silk Decl. at Exs. B and C. In contrast, the United Food Funds purchased a total of just 16,100 Sunrise shares. *See* Affidavit of Jonathan Cuneo ("Cuneo Aff.") at Ex. B.



**Net Funds Expended:** *The Public Retirement Systems expended over 2.3 times more funds on a net basis to purchase Sunrise shares than the United Food Funds.* The Public Retirement Systems made net expenditures of $1,235,157 to purchase Sunrise shares during the

4

Relevant Period. The Miami Retirement Trust expended $347,868 to acquire Sunrise shares during the Relevant Period, and, since it sold nothing during the Relevant Period, its net expenditure is the same as its total expenditure. *See* Miami Cert., Silk Decl. at Ex. B. The Oklahoma Firefighters expended $1,217,808 to acquire Sunrise shares during the Relevant Period, and had net expenditures of $887,289. *See* Jones Decl., Silk Decl. at Ex. C. As demonstrated by the chart below, these net expenditures far exceed those of the United Food Funds, which claim to have expended just $527,173 on Sunrise shares during the Relevant Period. *See* Cuneo Aff. at Ex. B.



**Approximate Losses:** *The Public Retirement System's approximate losses are over 2.2 times the losses claimed by the United Food Funds.* The Public Retirement Systems suffered total losses of $171,246 from their investments in Sunrise shares during the Relevant Period, when calculated using either the FIFO or LIFO method. The Oklahoma Firefighters suffered total losses of $91,566 and the Miami Retirement Trust suffered total losses of $79,680. *See* Jones Decl., Miami Cert., and loss calculations, Silk Decl. at Exs. B, C and E. In contrast, the United Food Funds claimed to have suffered combined losses of just $77,588 – less than the loss incurred by either Oklahoma Firefighters or the Miami Retirement Trust, individually. *See* Cuneo Aff. at Ex. B.

5



**Net Shares Purchased:**  *The Public Retirement Systems purchased 2.3 times more net shares than the United Food Funds.*  The Public Retirement Systems are a net purchaser of 38,024 Sunrise shares.  The Miami Retirement Trust purchased 9,585 net shares and the Oklahoma Firefighters purchased 28,439 net shares (38,146 total shares purchased less 9,707 shares sold).  *See* Miami Cert. and Jones Decl., Silk Decl. at Exs. B and C.  As noted in the chart below, this is more than double the 16,100 net shares that United Food Funds purchased.  *See* Cuneo Aff., at Ex. B.



Thus, under each of the traditional measures of financial interest, the Public Retirement Systems have the largest financial interest in this litigation.

**Financial Interest in Section 14(a) Claims:**  Additionally, the Public Retirement Systems also hold the greatest financial interest with respect to the claim brought pursuant to

6

Section 14(a) of the Securities and Exchange Act of 1934 ("Exchange Act") for misrepresentations and omissions in the Company's proxy statements. Specifically, the Section 14(a) claims at issue in this Action are based on the allegations that the Company's 2000-2006 Proxy Statements contained material misrepresentations and omissions. *See* Complaint at ¶¶ 168, 169, 171, 172, 174, 177, 181.[1]

At the time the 2006 Proxy Statement was circulated and at the record date for the 2006 annual meeting, the Public Retirement Systems held 29,416 shares of Sunrise common stock and the United Food Funds held 16,100 shares of Sunrise common stock. Accordingly, the Public Retirement Systems also have the largest financial interest in the Section 14(a) claim. *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (court considered holdings in determining financial interest in the context of a Section 14(a) claim).

  **B. The Public Retirement Systems Are Sophisticated Institutional Investors That Satisfy the Requirements of Rule 23**

Since the Public Retirement Systems have the largest financial interest, the Court need only determine whether the Public Retirement Systems "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Fannie Mae*, 355 F. Supp.2d at 263; *In re Cendant Corp.*, 264 F.3d at 222.

In their declarations, the Miami Retirement Trust and the Oklahoma Firefighters have shown that they purchased common shares of Sunrise during the Relevant Period and were damaged as a result of these purchases. *See* Jones Decl. and Elenberg Decl., Silk Decl. Exs. C and D. Further, the events and course of conduct that give rise to the Public Retirement Systems' claims are the same events and course of conduct that give rise to the claims of the Class. As a result, the Public Retirement Systems satisfy the typicality requirements of Rule 23.

---

[1] References to the "Complaint" are to the United Food Funds' Complaint for Violation of the Federal Securities Laws (Dkt. No. 1).

7

The Public Retirement Systems have also fully demonstrated their adequacy to serve as Lead Plaintiffs. Representatives from the Miami Retirement Trust and the Oklahoma Firefighters have each acknowledged their understanding of the duties owed to the members of the Class and expressed a commitment to oversee the prosecution of the action for the Class. *Id.* Through their declarations, the Public Retirement Systems accept the fiduciary obligations each will undertake if they are appointed Lead Plaintiffs in this action. *Id.* Moreover, the Public Retirement Systems are the paradigmatic lead plaintiff envisioned by Congress – sophisticated institutional investors with a real financial interest in the litigation. The Public Retirement Systems are sophisticated public pension systems that manage, on a collective basis, hundreds of millions of dollars in assets. *Id.* The Public Retirement Systems are prepared to work together to maximize the recovery for the entire Class and to supervise counsel to ensure the case is handled efficiently and effectively. *Id.* The Public Retirement Systems are "precisely the type of sophisticated institutional investor that Congress and this Court have recognized as being ideally suited to control this type of securities class action litigation." *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006). The Public Retirement Systems have also retained skilled and experienced counsel to prosecute this action. *See* Firm Resumes, Silk Decl. at Exs. F and G.

Since the Public Retirement Systems' have the largest financial interest and have made a *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23, the Public Retirement Systems are the presumptive Lead Plaintiffs. Further, there is absolutely no proof of any conflicts of interest between the Public Retirement Systems and the other Class members, and there is no proof that the Public Retirement Systems would be subject to unique

defenses. The United Food Funds simply cannot rebut the presumption. Accordingly, the Court should appoint the Public Retirement Systems Lead Plaintiffs.

## III.   CONCLUSION

For all the reasons above and stated in its initial memorandum of law, the Public Retirement Systems respectfully request that the Court: (i) appoint the Miami Retirement Trust and the Oklahoma Firefighters as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act; (ii) approve the Public Retirement Systems' selection of Bernstein Litowitz Berger & Grossmann LLP and Berman DeValerio Pease Tabacco Burt & Pucillo as Co-Lead Counsel for the Class and their selection of Cohen, Milstein, Hausfeld & Toll P.L.L.C. as Liaison counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: April 2, 2007                                Respectfully submitted,

/s/ Steven J. Toll
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Steven J. Toll, D.C. Bar #225623
Daniel S. Sommers, D.C. Bar #416549
Elizabeth S. Finberg, D.C. Bar #468555
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
*Liaison Counsel for the Oklahoma Firefighters Pension and Retirement System and Proposed and the City of Miami General Employees' & Sanitation Employees' Retirement Trust and Proposed Liaison Counsel for the Class*

9

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
Gerald H. Silk
Avi Josefson
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
*Counsel for the City of Miami General Employees'
& Sanitation Employees' Retirement Trust and
Proposed Co-Lead Counsel for the Class*

**BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO**
Michael J. Pucillo
Jay W. Eng
Esperanté Building, Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 835-0322
*Counsel for the Oklahoma Firefighters
Pension and Retirement System and
Proposed Co-Lead Counsel for the Class*

**KLAUSNER & KAUFMAN, PA**
Robert D. Klausner
10059 N.W. 1st Court
Plantation, FL 33324
Telephone: (954) 916-1202
Fax: (954) 916-1232

*Additional Counsel for the City of Miami General
Employees' & Sanitation Employees' Retirement
Trust*

## CERTIFICATE OF SERVICE

I, Elizabeth S. Finberg, hereby certify that on April 2, 2007, I electronically filed the foregoing with the Clerk of Court using the Electronic Case Filing system, which will send notification of such filing to counsel of record in this matter who are registered on the ECF system.

    /s/   Elizabeth S. Finberg
Elizabeth S. Finberg