UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUNRISE SENIOR LIVING, INC. SECURITIES LITIGATION. <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Case No. 07CV00102 (RBW) |

**DEFENDANT SUNRISE SENIOR LIVING, INC.'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

The PSLRA mandates that "all discovery and other proceedings" in cases involving federal securities claims must be stayed until the operative complaint survives a motion to dismiss. See 15 U.S.C. § 78u-4(b)(3)(B). The statutory stay applies automatically to all discovery – including discovery to third parties – upon the filing of the complaint. See Sunrise Mem. in Support of Mot. to Quash ("Sunrise Mem.") at 3-5. Id. The stay may not be lifted before the operative complaint survives a motion to dismiss, unless the plaintiff first demonstrates on a motion to the Court that the requested discovery is "necessary to preserve evidence or to prevent undue prejudice." Id. Plaintiffs here filed no motion before issuing the subpoena to former Sunrise officer Bradley Rush seeking the transcript of his confidential testimony to the SEC. It was thus certainly appropriate for the Court to enforce the automatic stay and quash the subpoena for that reason alone, without further need to consider the points and authorities set forth in Sunrise's motion to quash or any opposition thereto.

Moreover, in their motion for reconsideration, Plaintiffs do not present any valid basis for lifting the PSLRA stay in this case. "The burden of establishing the need for a partial

lifting of the discovery stay, not surprisingly, is a heavy one." In re Fannie Mae Sec. Litig., 362 F. Supp. 2d 37, 38-39 (D.D.C. 2007). Plaintiffs do not assert that the PSLRA stay should be lifted in order to preserve evidence, nor could they, as the transcript of Rush's SEC testimony is certainly secure. Rather, in their motion for reconsideration, Plaintiffs assert that the PSLRA stay and a settlement agreement between Rush and Sunrise combine to create "undue prejudice" because Plaintiffs cannot subpoena the transcript of Rush's SEC testimony, and Rush cannot voluntarily provide the transcript to them. Pls.' Mem. in Support of Mot. to Reconsider ("Pls.' Mem.") at 6-9. This argument fails because:

- Plaintiffs' difficulty in obtaining evidence to support their claims is not a basis to lift the PSLRA stay;

- Plaintiffs' argument is built around two decisions that have not been followed, and instead have been roundly criticized, in the years since they have issued;

- Plaintiffs fail to present any evidence to suggest that Rush would willingly provide them his SEC testimony, and thus lack the factual foundation to rely even on the two outlier cases they cite; and

- The burden of the requested discovery on Sunrise, or the purported lack thereof, is not a relevant factor.

For all these reasons, and as further addressed below, Plaintiffs' motion for reconsideration should be denied.

## BACKGROUND

Two securities class action complaints were filed in this Court in January 2007. After the cases were consolidated in July 2007, the parties stipulated that Plaintiffs would be permitted to await Sunrise's restated earnings before filing a consolidated complaint. Sunrise filed an earnings restatement with the SEC on March 24, 2008. Lead Plaintiffs filed a consolidated amended complaint on June 6, 2008 (the "Amended Complaint"), alleging securities fraud in violation of Section 10(b) and Rule 10b-5 against all of the Defendants, and

control person liability under Section 20(a) against the Individual Defendants. On July 23, 2008, without seeking permission from the Court by motion, Plaintiffs served a subpoena on Rush, a former Sunrise officer, seeking a copy of the transcript of his testimony to the SEC. Rush had been a defendant in this case until the Amended Complaint was filed. Rush is a defendant in the related shareholder derivative suit also pending in this Court. Sunrise filed its motion to enforce the PSLRA stay and quash the subpoena on August 1, 2008. The Court granted the motion on August 6, 2008. Plaintiffs filed their motion for reconsideration on August 15, 2008.

## ARGUMENT

### I. Difficulty in Gathering Evidence Is Not Undue Prejudice.

The PSLRA discovery stay prohibits exactly what the Plaintiffs are seeking to do – filing a deficient securities complaint and then using discovery to gather evidence in hopes of getting past motions to dismiss. See, e.g., In re Vivendi Universal, S.A. Sec. Litig., 381 F.Supp.2d 129, 129-130 (S.D.N.Y. 2003) ("Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing such frivolous lawsuits and using it as a vehicle in order to conduct discovery in the hopes of finding a sustainable claim…") (internal quotations omitted); Sarantakis v. Gruttadauria, Case No. 02-CV-1609, 2002 WL 1803570, at *1 (N.D. Ill. Aug. 5, 2002) (stating that one purpose of the PSLRA stay is "to avoid the situation in which a plaintiff sues without possessing the requisite information…, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed"); H.R. Conf. Rep. No. 104-369, at 27 (1995); S. Rep. No. 104-98, at 14 (1995). By its very nature, a discovery stay makes it more difficult for plaintiffs to gather evidence, but this natural consequence of the statutory stay does not create "undue prejudice." See In re Refco, Inc. Sec. Litig., 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) ("[P]laintiff's inability to gather evidence…is not undue

prejudice."). 1/ Given the intent of the PSLRA, Plaintiffs' inability to subpoena the Rush transcript at this time cannot constitute undue prejudice.

Plaintiffs' insistence that the subpoenaed transcript is "highly relevant" does not alter the analysis. Presumably, Plaintiffs would not subpoena documents that they did not believe were relevant. More importantly, every securities plaintiff could, no doubt, point to some particular document or other evidence that it claimed was "highly relevant" and thus seek a partial lift of the stay, in direct contravention of the intent of the PSLRA. The question is not one of relevance, but timing. Why are the Plaintiffs prejudiced if they cannot subpoena Rush's transcript now, before the Court rules on the Defendants' motions to dismiss? Plaintiffs do not even attempt to answer this central question.

## II. Plaintiffs' Reliance on "Willing Third Party" Cases Is Misplaced.

In claiming undue prejudice, Plaintiffs assert that Sunrise has acted to "gag" Rush and prevent him from producing the transcript of his SEC testimony that he would otherwise "willingly" give to Plaintiffs. They ask the Court to follow decisions in which other courts have partially lifted the PSLRA stay to allow discovery directed at "willing third parties." See Pls.' Mem. at 7-8, citing In re Flir Sys., Inc. Sec. Litig., No. 00-CV-360, 2000 WL 33201904, at *3 (D. Or. Dec. 13, 2000) and Anderson v. First Sec. Corp., 157 F. Supp. 2d 1230, 1242 & n.2 (D. Utah 2001). Initially, the Flir and Anderson cases on which Plaintiffs rely have not been

---

1/   SG Cowen Sec. Corp. v. U.S. Dist. Ct. N.D. Cal., 189 F.3d 909, 913 (9th Cir. 1999) ("[A]s a matter of law, failure to muster facts sufficient to meet the Act's pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under [the PSLRA]."); see 380544 Canada, Inc. v. Aspen Tech., Inc., No. 0701204, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) ("[T]he mere fact that the discovery stay will prevent plaintiffs from collecting evidence…does not constitute undue prejudice….because the delay that plaintiffs will experience is an inherent part of every stay of discovery required by the PSLRA."); In re CFS-related Sec. Fraud Litig., 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001) ("Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because…it is prejudice which has been mandated by Congress….").

followed in the years since those decisions were rendered, and have instead been criticized repeatedly by other courts, including in the JDS decision cited by Plaintiffs. See In re JDS Uniphase Corp. Sec. Litig., 238 F. Supp. 2d 1127, 1134 (N.D. Cal. 2002) ("It is questionable whether Flir's holding that plaintiffs could [issue a subpoena] is consistent with [authority binding on that court]."); see also, e.g., In re Spectrum Brands, Inc. Sec. Litig., Case No. 05-CV-02494, 2007 WL 1483633, at *5 n.8 (N.D. Ga. May 18, 2007) ("Anderson is ... subject to flawed reasoning."); In re CFS-Related Sec. Fraud Litig., 179 F. Supp. 2d 1260, 1266 n.5 (N.D. Okla. 2001) ("[T]he Court finds that the holding in Flir is in substantial conflict with [controlling case law].").

Furthermore, Plaintiffs have the burden to establish prejudice, but they present no evidence to establish the key fact on which their argument turns – that Rush and his counsel wanted to produce the transcript of his confidential SEC testimony to Plaintiffs' counsel voluntarily, and would have done so but for his settlement agreement with Sunrise. In addition to questioning the legal reasoning of Flir and Anderson, courts have distinguished those cases from ones where, as here, the plaintiffs lack proof that that the third party is, in fact, "willing." See Faulkner v. Verizon Commc'n, Inc., 156 F. Supp.2d 384, 404 (S.D.N.Y. 2001) ("[I]n contrast to In re Flir Sys., [the subpoenaed party] is not...'otherwise willing to disclose' the information."); Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 379 (S.D.N.Y. 2004) (distinguishing Anderson because the subpoenaed party in that case "expressly consented to the requested depositions and document production but had been prevented from participating by the defendants' strict enforcement of a confidentiality agreement") (emphasis in original).

Even in Flir, there were affidavits establishing that the third party had agreed to cooperate with the plaintiffs, but the defendant then stepped in to prohibit it. In re Flir Sys., 2000

WL 33201904, at *3. Here, no such evidence is proffered. Plaintiffs' counsel merely represents that Rush's counsel stated that Rush would not object to producing his SEC transcript in response to a compulsory subpoena – hardly a surprising position for any lawyer to take, but a far cry from the "I'd gladly give you this transcript voluntarily, if only I could" platform on which Plaintiffs have constructed their undue prejudice argument. It should be noted again that Plaintiffs were <u>suing</u> Rush as a defendant in this case at the time he entered into his settlement agreement with Sunrise, and other Sunrise shareholders are still suing Rush in a related derivative case in this Court. Thus, contrary to Plaintiffs' unsupported assertion, it is illogical to assume, as Plaintiffs' argument does, that Rush would have voluntarily helped the Plaintiffs – Rush was a defendant in this case, and could be again if Plaintiffs have another change of strategy, and he remains a defendant in the related derivative case. Yet by the relief Plaintiffs are seeking in their motion, they are asking the Court, without any evidentiary basis, to deem Rush a willing ally to their cause (whether he wants to be or not), and to eliminate the right that he otherwise undeniably would have to decline to cooperate informally with Plaintiffs' counsel before discovery is allowable.

To carry the heavy burden necessary to obtain a partial lift of the PSLRA stay, Plaintiffs have to present evidence to support their claim of undue prejudice, including their assertion that Rush is a willing third party, not just the unsupported wishful thinking in their motion to reconsider.

### III. The Burden on Sunrise, or the Purported Lack Thereof, Is Irrelevant.

Plaintiffs seek to divert attention from their failure to establish undue prejudice by raising arguments about the lack of burden on Sunrise resulting from the proposed partial lifting of the stay. But on this point, the law is well-settled. "The proper inquiry under the PSLRA is

-6-

whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay." In re Smith Barney Transfer Agent Litig., No. 05-07583, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006); see also Sunrise Mem. at 5-7. Plaintiffs thus offer no basis for a partial lift of the PSLRA stay in this case, or for the Court to reconsider its proper ruling enforcing the stay and quashing the subpoena to Rush.

## CONCLUSION

For these reasons, Defendants respectfully request that Plaintiffs' motion for reconsideration of the Court's August 6, 2008 order be denied.

Respectfully submitted,

**HOGAN & HARTSON, LLP**

  /s/ Jon M. Talotta

George H. Mernick, III (DC Bar 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
E-mail: ghmernick@hhlaw.com

N. Thomas Connally (DC Bar 448355)
Jon M. Talotta (DC Bar 473626)
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
E-mail: ntconnally@hhlaw.com
E-mail: jmtalotta@hhlaw.com

*Attorneys for Sunrise Senior Living, Inc.*

Dated: August 21, 2008

## CERTIFICATE OF SERVICE

I certify that on August 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy of the foregoing was sent via electronic mail to:

Steven J. Toll
Daniel S. Sommers
Elizabeth S. Finberg
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964

*Liaison Counsel for the Class*

William C. Fredericks
Laura Gundersheim
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas, 38th Fl.
New York, NY 10019

*Co-Lead Counsel for the Class*

Michael J. Pucillo
Jay W. Eng
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
Esperante Building
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401

*Co-Lead Counsel for the Class*

Robert D. Klausner
KLAUSNER & KAUFMAN, PA
10059 N.W. 1st Court
Plantation, FL 33324

*Additional Counsel for the City of Miami General Employees' & Sanitation Employees' Retirement Trust*

-2-

John C. Millian
Matthew R. Estabrook
Elise Kochtitzky-Jacques
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Attorneys for Kenneth J. Abod, Carl G. Adams, J. Barron Anschutz, Larry E. Hulse, Paul J. Klaassen, Teresa M. Klaassen, Thomas B. Newell, and Tiffany L. Tomasso*

    /s/ Jon M. Talotta
Jon M. Talotta
HOGAN & HARTSON, LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
E-mail: jmtalotta@hhlaw.com