UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUNRISE SENIOR LIVING SECURITIES LITIGATION<br><br>This Document Relates to:<br>All Cases | MASTER FILE<br>07-CV-00102 (RBW)<br><br>**JURY TRIAL**<br>**DEMANDED** |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CLASS LEAD PLAINTIFFS' MOTION FOR RECONSIDERATION

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
Michael J. Pucillo
Jay W. Eng
Esperanté Building
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Phone: (561) 835-9400

*Attorneys for Oklahoma Firefighters'*
*Pension and Retirement System*

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
William C. Fredericks
Laura H. Gundersheim
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 554-1400

*Attorneys for City of Miami General*
*Employees' & Sanitation*
*Employees' Retirement Trust*

*Co-Lead Counsel for Plaintiffs and the Class*

Lead Plaintiffs, City of Miami General Employees' & Sanitation Employees' Retirement Trust and the Oklahoma Firefighters' Pension and Retirement System ("Lead Plaintiffs"), respectfully submit this reply memorandum in further support of their Motion to Reconsider the Court's August 6 Order that granted Defendant Sunrise's motion to enforce stay and quash the third-party subpoena served on whistleblower Bradley Rush, Sunrise's former CFO.

## ARGUMENT

In their opposition to Lead Plaintiffs' Motion to Reconsider, Defendants do not dispute that: (1) Lead Plaintiffs' extremely narrow third-party subpoena to Mr. Rush seeks only a ***single*** document, namely the transcript of Mr. Rush's recent deposition testimony to the SEC; (2) the Rush SEC Transcript is highly relevant to this litigation; (3) only the Defendants – but not whistleblower Mr. Rush – have objected to the subpoena; (4) Sunrise recently reached a settlement agreement with Mr. Rush that settled his claims against Sunrise and which included terms preventing Rush from providing information to Lead Plaintiffs except in response to a subpoena; (5) the third-party subpoena to Mr. Rush seeks no discovery whatsoever from Defendant Sunrise, and that the Rush SEC Transcript can be readily produced with no burden to any party to this litigation or to Mr. Rush; (6) the extremely limited discovery sought here – a single deposition transcript – is far less than other courts have granted in similar circumstances (*cf., e.g., Anderson v. First Sec. Corp.*, 157 F. Supp. 2d 1230 (D. Utah 2001) (permitting both document and deposition discovery of third party witnesses); or (7) Lead Plaintiffs' subpoena is not part of a frivolous "fishing expedition."

Nonetheless, Defendants argue that the Motion to Reconsider should be denied primarily because Lead Plaintiffs did not present sufficient proof that Mr. Rush would have voluntarily produced his SEC Transcript but for his settlement agreement with Sunrise. Defendants'

argument is without merit. Lead Plaintiffs' Motion to Reconsider specifically states that "Lead Plaintiffs requested a copy of the Rush SEC Transcript from Mr. Rush's counsel, but were informed that, while Mr. Rush had no objection to providing the document, he could not provide the transcript in the absence of a subpoena under the terms of his settlement with Sunrise." Motion to Reconsider at 3-4. Thus, as in *In re Flir Sys., Inc.*, Sec. Litig., Civil No. 00-360-HA, 2000 U.S. Dist. LEXIS 19391 (D. Or. Dec 13, 2000), Lead Plaintiffs have shown – and Defendants do not dispute – that "defendants have taken steps to ensure that [the witness] could not talk to Plaintiffs or provide relevant documents without the protection of being ordered to do so pursuant to subpoena." *Id.* at *8.[1] Moreover, it is also undisputed that neither Mr. Rush nor his able counsel (the law firm of Akin Gump) has served any objections to the subpoena, let alone moved to quash it, further confirming that it is *only* the Defendants (and not Mr. Rush) who are seeking to hide anything. No further "proof" of Mr. Rush's willingness to provide the requested document to Lead Plaintiffs is required. *See Anderson*, 157 F. Supp. 2d at 1242; *Dartley v. Ergobilt, Inc.*, C.A. No. 3:98-CV-1442-G, 1998 U.S. Dist LEXIS 17751, at *6 (N.D. Tex. Nov. 4, 1998) (even assuming *arguendo* that PSLRA discovery stay came into force before defendants actually filed their motion to dismiss, enforcement of a subpoena against "a single third party witness who [did] not object" was allowed, and did not conflict with either letter or intent of the PSLRA).[2]

---

[1] As noted in Lead Plaintiffs' opening brief at footnote 1, to the extent that the Court has any doubts as to the extent to which Sunrise has imposed restrictions on Mr. Rush's ability to cooperate with Lead Plaintiffs, the Court can direct the Defendants to provide it with a copy of the Rush settlement agreement for the Court to review *in camera.*

[2] Contrary to Defendants' assertion (Def. Opp. At 6), neither of the Lead Plaintiffs in this action have ever filed a complaint which named Mr. Rush as a Defendant. Instead, the only complaint filed by the City of Miami General Employees' & Sanitation Employees' Retirement Trust or the Oklahoma Firefighters' Pension and Retirement System is the operative Consolidated Complaint

Indeed, the only cases cited by Defendants for their position that additional "proof" is required – *Faulkner v. Verizon Commc'ns Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y.) and *Podany v. Robertson Stephens, Inc.* 350 F. Supp. 2d 375, 379 (S.D.N.Y. 2004) – are vastly different from this case. Unlike here, neither the *Faulkner* nor *Podany* plaintiffs contended that the subpoenaed third party witness would have willingly provided the requested information but for a legal impediment imposed as part of a deal between the defendant and the witness. To the contrary, in *Faulkner*, the subpoenaed third party itself affirmatively ***objected*** to plaintiffs' subpoena on several grounds, including the grounds that:

> (1) discovery . . . is premature . . . in light of the intention of defendant [Verizon] to file a motion to dismiss; (2) virtually all (if not all) of the subpoened materials have been designated as Confidential by [Verizon] pursuant to a Confidentiality Stipulation in the California action . . . . Thus, the subpoenaed party cannot produce the subpoenaed material without Verizon's consent or court order; (3) the subpoena is burdensome in that plaintiffs can obtain the same material directly from Verizon; and (4) the subpoena is overbroad and burdensome in that it purports to seek documents that have not yet been produced by Verizon in the [*NorthPoint*] California litigation and/or deposition transcripts from depositions which have not yet been taken.

156 F. Supp. 2d. at 401-02.[3]

---

("Compl."), filed on June 6, 2008 – a complaint which not only did not name Mr. Rush as a Defendant, but also relied (in part) on Rush's own allegations of accounting fraud at Sunrise. *See, e.g., Compl.* at ¶¶5-7. Accordingly, Sunrise's further assertion (Def. Opp. at 6) that it would be "illogical" to believe that Rush would have voluntarily provided information to the Plaintiffs is itself illogical if not absurd; indeed, Sunrise itself was sufficiently concerned by the prospect of Mr. Rush providing further assistance to Lead Plaintiffs that Sunrise saw fit to negotiate a form of "non-cooperation with class plaintiffs" clause as part of its recent settlement with him.

[3] Notably, the plaintiffs in *Faulker* – unlike here – also "failed to satisfy the threshold burden of seeking 'particularized discovery.'" As the Faulkner court stated, the plaintiffs "requested all documents, testimony and transcripts that have been previously produced or will be produced in the future, amounting to more than ***45,000 pages*** of documents. This is clearly not comparable to the request in *In re Flir Sys.* which involved only one deposition of a third party." *Id.* at 404 (emphasis added).

3

Similarly, in *Podany*, the plaintiffs' motion to lift the PSLRA stay did not even make mention of a third party – willing or otherwise – who had relevant information. The plaintiffs there also had only an "entirely speculative ... hope of finding facts to salvage the[ir] complaint." 350 F. Supp. 2d at 378. Nothing could be more different from the operative facts at issue here.

Defendants' brief also cites a number of cases (Def. Opp. at 3-5) for the general proposition that a plaintiff is not entitled to lift the discovery stay to obtain discovery from a defendant who has duly invoked the PSLRA stay as a shield, and that a plaintiff's potential inability to muster facts sufficient to meet the PSLRA's pleading requirements does not, ***without more,*** satisfy the "undue prejudice" standard. Here, in conformity with well-reasoned case law, and uncontradicted by any contrary circuit court authority, the requisite "something more" is provided by the undisputed fact that defendants, during the pendency of this action, took intentional, affirmative steps to interfere with plaintiffs' ability to obtain information from Mr. Rush. *See, e.g., Flir,* 2000 U.S. Dist. LEXIS 19391 at *6-*8 (distinguishing cases such as *SG Cowen Sec. Corp.,* U.S. Dist. Court for N. Dist of CA, 189 F.3d 909, 913 (9th Cir. 1999)).

In sum, Defendants rely on various inapposite district court cases, and essentially ignore the serious public policy considerations against permitting securities fraud defendants to use the PSLRA as a "sword" to affirmatively interfere with a Plaintiffs' ability to obtain information from otherwise willing witnesses. Here, for the same highly persuasive reasons set forth in *Anderson, Flir, and* the other authorities cited in their opening brief, Lead Plaintiffs have met the "undue prejudice" standard for triggering the exception to the PSLRA discovery stay, at least for the extremely limited purpose of obtaining from a non-objecting third party the single document (the Rush SEC transcript) that is at issue on this motion.

4

## CONCLUSION

For the reasons set forth above and in Lead Plaintiffs' opening memorandum, Lead Plaintiffs respectfully request that this Court (a) reconsider its August 6, 2008 Minute Order; and (b) enter an Order DENYING Sunrise's motion to enforce stay of discovery and quash subpoena, and (b) GRANTING Lead Plaintiffs permission to obtain the Rush SEC Transcript as requested in the Rush Subpoena.

Dated: August 29, 2008

COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.

/s/  Daniel S. Sommers
Steven J. Toll, D.C. Bar #225623
Daniel S. Sommers, D.C. Bar #416549
Elizabeth S. Finberg, D.C. Bar #468555
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005-3965
Tel:    (202) 408-4600
Fax:    (202) 408-4699

*Liaison Counsel for the Class*

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
William C. Fredericks
Laura H. Gundersheim
1285 Avenue of the Americas
New York, NY 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Attorneys for Lead Plaintiff City of Miami General Employees' & Sanitation Employees' Retirement Trust and Co-Lead Counsel for the Class*

BERMAN DEVALERIO PEASE
TABACOO BURT & PUCILLO
Michael J. Pucillo
Jay W. Eng
Esperanté Bldg., Suite 900
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel:    (561) 835-9400
Fax:    (561) 835-0322

*Attorneys for Lead Plaintiff Oklahoma Firefighters' Pension and Retirement System and Co-Lead Counsel for the Class*

5

KLAUSNER & KAUFMAN, PA
Robert D. Klausner
10059 N.W. 1st Court
Plantation, FL 33324
Tel:   (954) 916-1202
Fax:   (954) 916-1232

*Additional Counsel for Lead Plaintiff City of Miami General Employees' & Sanitation Employees' Retirement Trust*

**CERTIFICATE OF SERVICE**

      I certify that on August 29, 2008, I caused the foregoing Memorandum of Law in Further Support of Class Lead Plaintiffs' Motion for Reconsideration to be filed with the Clerk of the Court using the Court's CM/ECF system. I further certify that I caused copies to be sent by email on counsel for defendants, as follows:

**HOGAN & HARTSON, LLP**
Joseph M. Hassett, D.C. Bar #123935
George H. Mernick, III, D.C. Bar #294256
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
ghmernick@hhlaw.com
jmhassett@hhlaw.com

**HOGAN & HARTSON, LLP**
N. Thomas Connally, D.C. Bar #448355
Jon M. Talotta, D.C. Bar #473626
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
ntconnally@hhlaw.com
jmtalotta@hhlaw.com

**LATHAM & WATKINS LLP**
David A. Becker
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
david.becker@lw.com

*Counsel for Defendants*

                                    /s/ Daniel S. Sommers
                                    Daniel S. Sommers, Esq.